E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
COURTNEY N. WILLIAMS (Cal. Bar No. 339301)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 368-1473
     Facsimile: (951) 276-6202
     Email:     Courtney.N.Williams@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 21-00067-FLA |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT SAMUEL MARTINEZ, III</u> |
| v. | Hearing Date: November 10, 2022 |
| SAMUEL MARTINEZ, III, | Hearing Time: 9:00 a.m. |
| Defendant. | Location:     Ctrm. of the Hon. Fernando L. Aenlle-Rocha |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Courtney N. Williams, hereby files its Sentencing Position for Samuel Martinez, III.

This Sentencing Position is based on the attached Memorandum of Points and Authorities; the files and records in this case, including the United States Probation and Pretrial Services Office's Presentence Investigation Report and Recommendation Letter; and such further evidence and argument as the Court may permit.  The United States respectfully requests the opportunity to supplement its

position or respond to defendant as may become necessary. and such further evidence and argument as the Court may permit.

Dated: October 19, 2022    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

          /s/
COURTNEY N. WILLIAMS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Samuel Martinez, a career offender, parolee, and Northside Colton gang member, pleaded guilty without a plea agreement to a single count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii).

On June 24, 2022, the United States Probation and Pretrial Services Office ("Probation") filed its Recommendation Letter ("RL, Dkt.35) and Presentence Investigation Report ("PSR," Dkt. 34). The PSR calculated a total Guidelines offense level of 31 and a Criminal History Category of VI, resulting in a Guidelines range of 188-235 months. (PSR ¶ 94.) Probation does not comment on defendant's safety-valve eligibility but recommends that defendant be sentenced to 120 months' imprisonment. The United States agrees with Probation's calculations but not its ultimate recommendation. While defendant's personal history warrants a low-end recommendation, it does not warrant a 68-month variance.

For the reasons set forth below, the United States respectfully requests that the Court impose the following sentence: (1) a low-end term of imprisonment of 188 months, (2) a five-year period of supervised release, and (3) $100 in special assessments. This sentence is sufficient and not greater than necessary to accomplish the goals of sentencing and fairly balances the nature, circumstances, and seriousness of the offense; protecting the public; providing deterrence; and promoting respect for the law with defendant's history and characteristics among other considerations.

**II. STATEMENT OF FACTS**

The following is a summary of the facts in the PSR. (See PSR ¶¶ 8-13.)

On March 11, 2020, Riverside County officers went to defendant's home to arrest him for an outstanding felony warrant. (Id. ¶ 9.) Once officers arrived, the defendant's mother told officers that defendant was not home and gave officers a number where he could be reached. (Id. ¶ 10.) Officers called the number and spoke to defendant. Defendant said that he recently went to court and knew he was going to have a warrant for his arrest. (Ex. A, Police Report.) He said that he was "on the run" and wasn't going to turn himself in or go back home. (Id.) The officer tried to get defendant to turn himself in, but defendant continuously said he was on the run and would not comply. (Id.; PSR ¶ 10.)

Officers got a ping warrant for defendant's cell phone to track his location. (PSR ¶ 10.) Once officers received the location, they went to the area and arrested defendant. Defendant was searched incident to arrest. (Id. ¶ 11.) Inside his pocket, officers found three separate bundles of methamphetamine. (Id.) The bundles collectively weighed approximately 12.8 grams, with a substance purity of 98%, resulting in 9.9 grams of pure methamphetamine. (Id.)

In addition to the methamphetamine, inside defendant's phone, officers also found photographs of firearms and conversations consistent with drug transactions. (Id. ¶ 13.) For example, officers found a conversation from the day defendant was arrested where he texted a number saying, "Hey my boy needs a half p," and the other party responded, "Ok a half p [referring to half a pound]. He

2

sold already but im picking up funds now." (Id.)  Martinez replied, "Ok she just left to pick up funds too." (Id.)  Around that same time, defendant also texted another person saying, "Hey I need a half big one."  Three days earlier, someone texted defendant saying, "Im outside," and he replied, "She's coming let me weigh this out 5 minutes." (Id.)  Later that same day, defendant texted the same person photos of a short-barreled rifle and said, "Look how small I made it." (Id.)

Once arrested and at the station, defendant was interviewed. defendant said that he had "slowed down" from the quantity of drug sales that he had done in the past. (Id. ¶ 16.)  He said that he had been the middleman in some drug deals to make money. (Id.)  He even made a few references to having cartel connections in Mexico, and he mentioned traveling to Oklahoma in the past for his trafficking activities. (Id.)  Defendant also spoke in detail about methamphetamine pricing and how the lockdowns in March 2020 had affected drug prices. (Id.)

**III. THE PRESENTENCE INVESTIGATION REPORT**

On June 30, 2022, Probation issued its Recommendation Letter and disclosed the PSR to the parties. (Dkts. 33, 34.)

    **A.  OFFENSE LEVEL**

In the PSR, Probation concluded that the appropriate offense level is 31.  Probation's offense level calculation is as follows:

| Base Offense Level: | 24 | U.S.S.G. § 2D1.1(a)(5) |
|---|---|---|
| Career Offender: | 34 | U.S.S.G. § 4B1.1(b) |
| Acceptance of Responsibility: | -3 | U.S.S.G. §§ 3E1.1, 4B1.1(b) |
| Total: | 31 | |

3

The government agrees with the Probation Officer's conclusion that defendant is a Career Offender because (1) defendant was at least eighteen years old at the time he committed this offense, (2) the instant offense is a controlled substance offense, and (3) defendant has two prior felony convictions for controlled substance offenses, specifically for a possession of a controlled substance for sale offense in violation of Health & Safety Code § 11378 in the Superior Court of the State of California, County of San Bernardino, case number FWV1600269 and a transport for sale a controlled substance offense in violation of Health & Safety Code § 11352(a) in the Superior Court of the State of California, County of Riverside, case number RIF1500300  (PSR ¶ 49; See U.S.S.G. § 4B1.1(a).).

The Career Offender offense level is 34 because the statutory maximum term of imprisonment for the instant offense is 40 years. See U.S.S.G. § 4B1.1(b).  Defendant has demonstrated acceptance of responsibly and the government moves for a third point for acceptance of responsibility.  (PSR ¶¶ 28-33.)  This results in a total offense level of 31. (Id. at 33.)

**B.    CRIMINAL HISTORY CATEGORY**

The PSR concluded that defendant is in Criminal History Category VI because defendant's subtotal criminal history score is 21. (PSR ¶ 48.)  The defendant also committed the instant offense while under a criminal justice sentence for two drug offenses: a possession of a controlled substance for sale in violation of Health & Safety Code § 11378, in the Superior Court of the State of California, County of San Bernardino, case number FWV1600269 and a transport or sale a controlled substance in violation of Health & Safety Code § 11352(a) in the Superior Court of the State of California, County

of Riverside, case number RIF1500300 (PSR ¶¶ 37-49.) Therefore, two points were added. (Id. ¶ 49.)  The total criminal history score is 23.  (Id. ¶ 50.)

    **C.    SAFETY VALVE ELIGIBILITY**

    Defendant's conviction triggers a mandatory-minimum sentence of five years' imprisonment.  See 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); PSR ¶ 93.)  However, the safety valve provision allows a district court to sentence a criminal defendant below a mandatory-minimum sentence for particular drug offenses if a defendant meets the criteria outlined in § 3553(f)(1) through (f)(5). See generally 18 U.S.C. § 3553(f).  The defendant bears the burden of proving safety valve eligibility by a preponderance of the evidence. See United States v. Franco-Lopez, 312 F.3d 984, 994 (9th Cir.2002); United States v. Nelson, 222 F.3d 545, 550 (9th Cir.2000).  In this case, the defendant failed to satisfy the fifth safety valve factor, providing truthful information to the government of all information and evidence the defendant has concerning the offense.  The defendant declined a safety valve proffer session and declined to provide any information regarding his offense.  Therefore, defendant has failed to satisfy his burden with respect to safety valve.

    **D.    PROBATION'S RECOMMEND SENTENCE**

    The Guidelines range for a total offense level of 31 with Criminal History Category of IV is 188-235 months. (PSR ¶ 79.)  In its Recommendation Letter, Probation recommended the following sentence: (1) 120 months' imprisonment (a downward variance of approximately 68 months), (2) four years of supervised release, and (3) $200 in special assessments.  (RL at 1-2.)

**IV.   THE UNITED STATES' RECCOMMENDED SENTENCE AND SECTION 3553(a) ANALYSIS**

The United States recommends the following sentence: (1) a term of imprisonment of 188 months (which is the low end of the offense level, (2) a five-year period of supervised release, (3) $100 in mandatory special assessments, and (4) that all fines be waived.

The United States believes such a sentence appropriately balances the history and characteristics of the defendant, the seriousness of the offense, to protect the public, to defer defendant from further criminal acts, and to promote respect for the law.

**A.   NATURE, CIRCUMSTANCES, AND SERIOUSNESS OF THE OFFENSE**

Defendant possessed methamphetamine with the intent to distribute it.  This offense is a serious offense that has huge impacts on the community.  Indeed, "[t]he illegal importation, manufacture, distribution, and possession and improper use of controlled substances have had a substantial and detrimental effect on the health and general welfare of the American people."  21 U.S.C. § 801(2).  Drug trafficking has had a particularly devastating impact in the Central District of California.  For example, in 1990, the Los Angeles area (including Los Angeles, Orange, Riverside, and San Bernardino Counties) was among the first areas designated as a High Intensity Drug Trafficking area.[1]  "The increased use [of methamphetamine] has led to devastating effects on individuals and the community[.]" COMPREHENSIVE METHAMPHETAMINE CONTROL ACT OF 1996, PL 104-237, October 3, 1996, 110 Stat 3099.  The increase in

---

[1] See Executive Office of the President Office of National Drug Control Policy, High Intensity Drug Trafficking Areas Program Report to Congress (2015), https://obamawhitehouse.archives.gov/sites/default/files/ondcp/about-content/Congressional/hidta_program_2015_report_to_congress.pdf.

6

methamphetamine use has led to a corresponding increase "in the number of violent crimes" and "a dramatic increase in deaths." Id. The law-abiding citizens within the Central District are the ones most affected by this increase of violent crimes.  These citizens endure the risk of living in communities and neighborhoods where gangs like the North Side Colton street gang, of which defendant is a member, profit from distributing drugs like methamphetamine and heroin.  Law-abiding citizens are often trapped in their own homes— behind bars on their doors and windows—while parolee gangsters like defendant roam their streets supporting their gangs by selling narcotics.  Defendant's sentence should reflect the seriousness of his offense.

### B.   DEFENDANT'S HISTORY AND CHARACTERISTICS

While still on parole following several drug convictions, defendant yet again possessed methamphetamine with the intent to distribute.  And although defendant has a lengthy history of drug convictions, none of those sentences deterred him from continuing to possess or sell drugs.  For instance, in 2004, defendant was convicted of possession of a controlled substance and sentenced to 16 months in prison; this sentence did not deter him.  (PSR ¶ 38.)  In 2006, he was convicted of taking a vehicle without owner consent and evading a peace officer: disregard for safety and sentenced to five years and eight months of prison; this sentence did not deter him. (PSR ¶ 39.)   Then in 2009, he was convicted for possession of a controlled substance for sale and sentenced to 16 months of prison; this sentence did not deter him.  (PSR ¶ 40.)  In 2011, he was convicted of possession of a controlled substance for sale and sentenced to four years of prison; this sentence did not deter him.

(PSR ¶ 43.) In 2015, he was convicted of transporting/selling narcotic controlled substance and sentenced to one year and four months of jail followed by four years and eight months' mandatory supervision; this sentence did not deter him. (PSR ¶ 44.) In 2016, he was convicted of possession of a controlled substance for sale and sentenced to 40 months of prison; this sentence did not deter him. (PSR ¶ 45.) In 2022, he was convicted yet again for possession of a controlled substance for sale and sentenced to 120 days in jail and two years' probation; this sentence did not deter him because continued to possess drug with the intention to distribute it. (PSR ¶ 46.) Further, defendant continued to traffic drugs in this case while on parole, a time when a defendant is supposed to be on his best behavior and focused on is rehabilitation and reintegration into law-abiding society. A sentence of 188 months will hopefully deter defendant from continuing to commit crimes and protect the public in the meantime.

### C. UNWARRANTED DISPARITIES CAN BE AVOIDED BY IMPOSING A SENTENCE WITHIN THE GUIDELINE RANGE

The Court should minimize sentencing disparities among similarly situated defendants. 18 U.S.C. § 3553(a)(6). One-way courts ensure consistent sentences for similarly situated defendants across the country is by applying the Guidelines uniformly. See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); see also Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when

8

setting the Sentencing Guidelines ranges."). A Guidelines-range sentence is appropriate even where a defendant has endured challenges in life or has struggled with substance abuse. United States v. Carter, 560 F.3d 1107, 1022-23 (9th Cir. 2009) (finding the imposition of a within-Guidelines sentence reasonable despite defendant's youth, prior non-violent criminal history, and difficult childhood because nothing about those circumstances placed the defendant outside the heartland of similar characteristics and circumstances contemplated by the Guidelines); United States v. Stoterau, 524 F.3d 988, 1001-02 (9th Cir. 2008) (finding the imposition of within-Guidelines sentence reasonable because abuse defendant "suffered as a child, his mental health issues, and his life-long struggle with methamphetamine addiction" did not constitute special circumstances compelling a downward variance). Thus, a Guidelines-range sentence of 188 months' imprisonment is appropriate here where defendant does not fall outside the "'minerun of roughly similar cases' considered by the Sentencing Commission in formulating the Guidelines." Carter, 560 F.3d at 1122-23. Indeed, his conduct in this case and his long history of crime discussed above render it sufficient, but not greater than necessary, to achieve the goals of sentencing in § 3553.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to: (1) a term of imprisonment of 188 months (2) a five-year period of supervised release, (3) $100 in mandatory special assessments, and (4) that all fines be waived.

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and a resident of Riverside County, California. I am over 18 years of age, and I am not a party to the above-entitled action. My business address is the United States Attorney's Office, 3403 Tenth Street, Suite 200, Riverside, California 92501.

On this date, October 20, 2022 I served a copy of the following entitled document(s) SENTENCING POSITION

as follows:

- ☐ by placing the document in a sealed envelope, addressed to the person specified below, and placing it for interoffice delivery within the courthouse:

- ■ by e-mailing a pdf. version of the document to the e-mail address specified below:

- ☐ by placing the document in a sealed envelope, addressed to the person specified below, and placing it for U.S. mail delivery:

**Abimbola Fowler**
**United States Probation Officer**
**abimbola_fowler@cacp.uscourts.gov**

**Luisa Patricia Tamez**
**luisa_tamez@fd.org**

I declare under penalty of perjury that the foregoing is true and correct. Executed on, October 20, 2022 at Riverside, California.

/s/_____
Brenda Tovar